**HONE LAW**
Eric D. Hone, NV Bar No. 8499
ehone@hone.law
Leslie A. S. Godfrey, NV Bar No. 10229
lgodfrey@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-608-7814

*Attorneys for Defendant/Counterclaimant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD J. BURKE, a Nevada resident; and DONALD W. BURKE, a Nevada resident, | Case No. 3:23-CV-00184-MMD-CSD |
| Plaintiffs, | |
| v. | **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| LEWIS INVESTMENT COMPANY OF NEVADA, LLC, a Delaware Limited Liability Company; KILEY RANCH SIX APARTMENTS, LLC, a Delaware Limited Liability Company; LUKE DRAGOVICH, a Nevada resident, and DOES 1 through 10; and ROE CORPORATIONS 1 through 10, | |
| Defendants. | |
| LEWIS INVESTMENT COMPANY OF NEVADA, LLC, a Delaware Limited Liability Company; KILEY RANCH SIX APARTMENTS, LLC, a Delaware Limited Liability Company; LUKE DRAGOVICH, a Nevada resident, | |
| Counterclaimants, | |
| v. | |
| DONALD J. BURKE, a Nevada resident; and DONALD W. BURKE, a Nevada resident, | |
| Counterdefendants. | |

Lewis Investment Company of Nevada, LLC ("Lewis"), Kiley Ranch Six Apartments,

LLC ("Kiley Ranch") and Luke Dragovich ("Dragovich") and, collectively,

("Defendants/Counterclaimants" or "Lewis") by and through their counsel of record, Hone Law,



1

1   and Donald J. Burke and Donald W. Burke, ("Burke Parties" or "Plaintiffs"), by and through

2   counsel, the law firm of Clarke Law P.C. collectively referred to herein as the "Parties" and

3   individually as a "Party", have agreed to and have submitted to the Court, and for good cause

4   shown the Court hereby enters the following Protective Order:

5         The Court, finding good cause for entry of a protective order pursuant to FRCP 26(c) and

6   FRCP 29(b), and hereby ORDERS that:

7   **I.      APPLICABILITY OF THIS PROTECTIVE ORDER**

8         Subject to Section 2 below, this Protective Order governs the handling of documents,

9   electronically stored data, depositions, deposition exhibits, interrogatory responses, responses to

10  requests for admissions, responses to requests for production of documents, and all other

11  discovery obtained pursuant to Federal Rules of Civil Procedure or other legal process by or

12  from, or produced on behalf of, a Party, non-party, or witness in connection with this action (this

13  information hereinafter shall be referred to as "Discovery Material"). As used herein, "Producing

14  Party" or "Disclosing Party" shall refer to the Parties and nonparties that give testimony or

15  produce documents or other information in connection with this action; "Receiving Party" shall

16  refer to the Parties in this action that receive such information, and "Authorized Recipient" shall

17  refer to any person or entity authorized by Section 11 of this Protective Order to obtain access to

18  Confidential Information or Highly Confidential Information as defined in Section 5, or the

19  contents of such Discovery Material.

20  **II.     NO WAIVER**

21        This Protective Order is entered solely for the purpose of facilitating the exchange of

22  documents and information among the Parties to this action without involving the Court

23  unnecessarily in the process. Nothing in this Protective Order, nor the production of any

24  information or document under the terms of this Protective Order, nor any proceedings pursuant

25  to this Protective Order, shall be deemed to be a waiver of any rights or objections to challenge

26  the authenticity or admissibility of any document, testimony, or other evidence at trial.

27  Additionally, this Protective Order will not prejudice the right of any Party or nonparty to oppose

28  / / /



2

1  production of any information on the ground of attorney-client privilege, work product doctrine,
2  or any other privilege or protection provided under the law.

3  **III.   DESIGNATION OF INFORMATION**

4    Any Producing Party may designate Discovery Material that is in its possession, custody,
5  or control produced to a Receiving Party as "CONFIDENTIAL" or "HIGHLY
6  CONFIDENTIAL – ATTORNEYS EYES ONLY" under the terms of this Protective Order if the
7  Producing Party in good faith reasonably believes that such Discovery Material contains
8  nonpublic, confidential information as defined in Section 5 below.

9  **IV.   EXERCISE OF RESTRAINT AND CARE IN DESIGNATING MATERIAL FOR PROTECTION**

10    Each Producing Party that designates information or items for protection under this
11  Protective Order must take care to limit any such designation to specific material that qualifies
12  under the appropriate standards. Indiscriminate designations are prohibited.

13  **V.   CONFIDENTIAL INFORMATION**

14    For purposes of this Protective Order, "Confidential Information" means information that
15  constitutes, reflects, or discloses nonpublic information, trade secrets, or other know-how,
16  research, development, or financial, proprietary, commercially sensitive, confidential business,
17  accounting, marketing, regulatory, strategic information (including business plans, negotiations,
18  strategies, or decisions, scientific and technical information, and nonpublic designs), information
19  about existing and potential customers, the disclosure of which the Producing Party believes in
20  good faith might reasonably result in economic, competitive, or business injury to the Producing
21  Party (or its parents, subsidiaries, affiliates, personnel, or clients) and which is not publicly
22  known and cannot be ascertained from an inspection of publicly available sources, documents,
23  material, or devices. "Confidential Information" shall also include sensitive personal information
24  that is not otherwise publicly available, such as home addresses; social security numbers; dates
25  of birth; employment personnel files; home telephone records/numbers; employee disciplinary
26  records; earnings statements; tax records; and other similar personal financial information.



27  / / /
28  / / /

"Highly Confidential Information" is any Confidential Information as defined above, the disclosure of which would create a substantial risk of economic, competitive, or business injury to the Producing Party.

## VI.  DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

If any Party in this action determines in good faith that any information, documents, things or responses produced in the course of discovery in this action should be designated as Confidential Information or Highly Confidential Information (the "Designating Party"), it shall advise any party receiving such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" (whether produced in hard copy or electronic form) at the expense of the Designating Party and treated as such by all Parties. A Designating Party may inform another Party that a document is Confidential or Highly Confidential by providing the Bates number of the document in writing. If Confidential Information or Highly Confidential Information is produced via an electronic form on a computer readable medium (e.g., CD-ROM), other digital storage medium, or via Internet transmission, the Producing Party or Designating Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" and/or "HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY". Nothing in this section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" or "Highly Confidential Information" as defined in Section 5 herein.

## VII.  REDACTION ALLOWED

Any Producing Party may redact from the documents or things it produces matter that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure. A Producing Party may not withhold non-privileged, responsive information solely on the grounds that such



4

1  information is contained in a document that includes privileged information. The Producing
2  Party shall mark each redaction with a legend stating "REDACTED". All documents redacted
3  based on attorney-client privilege or work-product immunity shall be listed in an appropriate log
4  in conformity with Federal law and Federal Rule of Civil Procedure 26(b)(5). Any other
5  redaction made pursuant to this Section 7, whether based on a claim of privilege, protection, or
6  otherwise, shall likewise be identified on an appropriate log indicating the justification for the
7  redaction. Where a document consists of more than one page, the page on which information has
8  been redacted shall so be marked. The Producing Party shall preserve an un-redacted version of
9  such document.

10  **VIII.  USE OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION**

11         Except as provided herein, Confidential Information and Highly Confidential Information
12  designated or marked shall be maintained in confidence, used solely for the purposes of this
13  action, to the extent not otherwise prohibited by an order of the Court, shall be disclosed to no
14  one except those persons identified herein in Section 11, and shall be handled in such manner
15  until such designation is removed by the Designating Party or by order of the Court. Confidential
16  Information and Highly Confidential Information produced by another Party shall not be used by
17  any Receiving Party for any commercial, competitive, or personal purpose. Nothing in this
18  Protective Order shall govern or restrict a Producing Party's use of its own Confidential
19  Information, Highly Confidential Information or any of its own non-confidential information in
20  any way.

21  **IX.  DESIGNATION OF PREVIOUSLY DISCLOSED DOCUMENTS**

22         Once the Court enters this Protective Order, a Party shall have thirty (30) calendar days to
23  designate as Confidential or Highly Confidential any documents previously produced in this
24  action, which it can do by stamping "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL –
25  ATTORNEYS EYES ONLY" on the document or informing the other Parties of the Bates-
26  numbers of the documents so designated.



27  / / /
28  / / /

**X.      USE OF CONFIDENTIAL INFORMATION IN DEPOSITIONS**

Counsel for any Party shall have the right to disclose Confidential Information or Highly Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order. Any counsel of record may request that all persons not entitled under Section 11 of this Protective Order to have access to Confidential Information or Highly Confidential Information leave the deposition room during the confidential portion of the deposition. Failure of such persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential Information until such unauthorized person leaves the deposition room.

Additionally, at any deposition session, (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"; (2) whenever counsel for a Party deems that the answer to a question may result in the disclosure or revelation of Confidential Information or Highly Confidential Information; and/or (3) whenever counsel for a Party deems that the answer to any question has resulted in the disclosure or revelation of Confidential Information or Highly Confidential Information, counsel to any Party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential Information or Highly Confidential Information in accordance with this Order by a statement on the record during the deposition or by notifying all other Parties in writing, within fifteen (15) calendar days of receiving the transcript or video that it contains Confidential Information or Highly Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential Information or Highly Confidential Information. If a designation is made via a statement on the record during a deposition, that portion of the testimony so designated shall be set forth in a separate transcript with the appropriate designation appearing on each page thereof, where available. If a separate, properly designated transcript is not available from the court reporter, counsel must follow up in writing within fifteen (15) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing



6

the Confidential Information or Highly Confidential Information. If no confidentiality designations are made within the fifteen (15) calendar day period, the entire transcript shall be considered non-confidential. During the fifteen (15) day period, the entire transcript and video shall be treated as Confidential Information or Highly Confidential Information.

All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital storage medium containing Confidential Information or Highly Confidential Information deposition testimony shall be labeled in accordance with the provisions of Section 6.

**XI.    PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION**

Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, any discovery referee, mediator or other official who may be appointed by the Court, and to the persons below:

      a.   A Party, or officers, directors, employees, members, managers and agents of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

      b.   Counsel for a Party (including in-house attorneys, contract attorneys, outside attorneys associated with a law firm(s) of record and support personnel, such as law clerks, paralegals, secretaries and clerical staff employed by such counsel);

      c.   Persons retained by a Party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

      d.   Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a Party named in

7

this action and provided such Consultant and expert witness agrees to maintain the information as Confidential pursuant to this Order and executes Exhibit A; however, a Party may seek leave of the Court to provide information to a consultant employed by a competitor;

e. Court reporter(s) and videographers(s) employed in this action;

f. Any authors and/or recipients of the Confidential Information (to the extent the author or recipient is in possession of the information or documents through means other than Discovery Materials produced in this action);

g. A witness at any deposition or other proceeding in this action, provided such witness agrees on the record to maintain the information as Confidential pursuant to this Order and shall execute Exhibit A; and

h. Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (h) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (a) if they are merely an "agent" but do not fall into any other category in that sub-part, (c), (d), (f), (g) and (h), of this Section shall also be required to execute a copy of the form Exhibit A. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the Party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No Party (nor its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the Party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion,



8

Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

**XII.    PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL INFORMATION**

Highly Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court, its employees, other court personnel, any discovery referee, mediator or other official who may be appointed by the Court, and the following persons:

    a.   Counsel for a Party (including contract attorneys, outside attorneys associated with a law firm(s) of record, and support personnel, such as law clerks, paralegals, secretaries and clerical staff employed by such counsel);

    b.   Persons retained by a Party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.), provided such persons agree to maintain the information as Highly Confidential pursuant to this Order and executes Exhibit A;

    c.   Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a Party named in this action and provided such consultant and expert witness agrees to maintain the information as Highly Confidential pursuant to this Order and executes Exhibit A; however, a Party may seek leave of the Court to provide information to a consultant employed by a competitor;

    d.   Court reporter(s) and videographers(s) employed in this action, provided such persons agree to maintain the information as Highly Confidential pursuant to this Order and executes Exhibit A; and

/ / /



e.   Any other person as to whom the parties in writing agree or that the Court in these proceedings so designates, provided such persons agree to maintain the information as Highly Confidential pursuant to this Order and executes Exhibit A.

Any person to whom Highly Confidential Information is disclosed pursuant to subparts (a) through (e) hereinabove shall be advised that the Highly Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Highly Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. If a person refuses to execute a copy of Exhibit A, the Party seeking to reveal the Highly Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Highly Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this Section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

**XIII.  FILING OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION WITH THE COURT**

All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information or Highly Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court.

The Parties recognize that the Ninth Circuit Court of Appeals has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 11798 (9th Cir. 2006).



1    The Parties further acknowledge that they have agreed to the terms of this Protective
2    Order to facilitate the exchange of discovery materials in this case, but that there has been no
3    showing, and the Court has not found, that any specific documents are secret or confidential. The
4    Parties have not provided specific facts supported by declarations or concrete examples to
5    establish that a protective order is required to protect any specific trade secret or other
6    confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable
7    and significant harm.

8    The Parties further acknowledge that the Party seeking to maintain the secrecy of
9    documents attached to dispositive motions must show compelling reasons sufficient to overcome
10   the presumption of public access. *Id*. at 1180. All motions to seal must address the applicable
11   standard and explain why that standard has been met. The fact that a court has entered a blanket
12   stipulated protective order and that a party has designated a document as confidential pursuant to
13   that protective order does not, standing alone, establish sufficient grounds to seal a filed
14   document. *See Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1133 (9ᵗʰ Cir. 2003); *see*
15   *also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

16   Accordingly, a Party seeking to file a confidential document under seal must file a
17   motion to seal and must comply with LR IA 10-5 and the Ninth Circuit's directives
18   in *Kamakana,* 447 F.3d 1172. The Parties shall file documents under seal using the Court's
19   electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal shall
20   be accompanied with a concurrently-filed motion for leave to file those documents under seal.
21   *See* Local Rule IA 10-5(a). Any motion to seal shall address the applicable legal standard and
22   explain why that standard has been met.

23   If the sole ground for a motion to seal is that the opposing party (or non-party) has
24   designated a document as confidential the designator shall file (within seven (7) days of the
25   filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing
26   each document at issue or (2) a notice of withdrawal of the designation(s) and consent to
27   unsealing. If neither filing is made, the Court may order the document(s) unsealed without
28   further notice.



11

If any Confidential Information or Highly Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the Party using such information shall take all reasonable steps consistent with Court Rules Governing Sealing and Redacting Court Records to maintain its confidentiality during such use.

## XIV. NOTICE TO NONPARTIES

Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Protective Order, should the producing nonparty wish to do so. This Protective Order shall be binding in favor of designating nonparties to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of the Protective Order.

## XV. KNOWLEDGE OF UNAUTHORIZED USE OR POSSESSION

If a Party receiving Confidential Information or Highly Confidential Information learns of any possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential Information in violation of the terms of this Protective Order, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information or Highly Confidential Information at issue. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in remedying the disclosure (e.g., by retrieving the Confidential Information or Highly Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

## XVI. COPIES, SUMMARIES OR ABSTRACTS

Any copies, summaries, abstracts or exact duplications of Confidential Information or Highly Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work-product regarding



12

Confidential Information and Highly Confidential Information shall not be subject to this section (i.e., it need not be marked "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY"), regardless of whether they summarize, abstract, paraphrase or otherwise reflect Confidential Information.

## XVII. INFORMATION NOT CONFIDENTIAL

The restrictions set forth in this Protective Order shall not be construed to apply to any information or materials that:

      a. Were lawfully in the Receiving Party's possession prior to such information being designated as Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

      b. Were obtained without any benefit or use of Confidential Information or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

      c. Were independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential Information or Highly Confidential Information;

      d. Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

      e. Under law, have been declared to be in the public domain.

## XVIII. CHALLENGES TO DESIGNATIONS

In the event a Party challenges another Party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may thereafter seek resolution by the Court. The burden of establishing proper designation as confidential shall be on the Party claiming that it is confidential. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party specifically reserves the right to object to the use or



1  admissibility of all Confidential Information disclosed, in accordance with applicable law and

2  Court rules.

3  **XIX.   INADVERTENT FAILURE TO DESIGNATE**

4          The inadvertent failure to designate information produced in discovery as Confidential

5  Information or Highly Confidential Information shall not be deemed, by itself, to be a waiver of

6  the right to so designate such discovery materials as Confidential Information or Highly

7  Confidential Information. Within a reasonable time of learning of any such inadvertent failure,

8  the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such

9  other steps as necessary to correct such failure after becoming aware of it. Disclosure of such

10  discovery materials to any other person prior to later designation of the Discovery Materials in

11  accordance with this section shall not violate the terms of this Protective Order. However,

12  immediately upon being notified of an inadvertent failure to designate, all Parties shall treat such

13  information as though properly designated and shall take any actions necessary to prevent any

14  future unauthorized disclosure, use, or possession.

15  **XX.   DURATION OF THE ORDER**

16          Within sixty (60) calendar days after the final disposition of this action, by settlement or

17  otherwise, all Confidential Information or Highly Confidential Information produced by an

18  opposing Party or nonparty (including, without limitation, any copies, extracts or summaries

19  thereof) as part of discovery in this action shall be destroyed by the Parties to whom the

20  Confidential Information or Highly Confidential Information was produced, and each counsel

21  shall, by declaration delivered to all counsel for the Producing Party, affirm that all such

22  Confidential Information or Highly Confidential Information (including, without limitation, any

23  copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel

24  shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or

25  affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product

26  or consultant or expert work product, even if such material contains or refers to Confidential

27  Information or Highly Confidential Information, but only to the extent necessary to preserve a

28  litigation file with respect to this action. Nothing in this Protective Order shall require that



14

counsel for the Parties, as defined under Section 11(b), search through their email archives to find every instance where an email to or from counsel may attach Confidential Information or Highly Confidential Information, or backup systems to find every instance where a document or file may contain Confidential Information or Highly Confidential Information. However, unless it is an archival copy as permitted above, Confidential Information or Highly Confidential Information stored on a shared drive, attorneys' desktops, or printed in hard copy, must be destroyed pursuant to this Section.

**XXI.   ATTORNEY'S FEES**

Nothing in this Protective Order is intended to either expand or limit a prevailing Party's right under the Federal Rules of Civil Procedure or other applicable state or federal law to pursue costs and attorneys' fees incurred related to confidentiality designations or the abuse of the process described herein.

**XXII.   INJUNCTIVE RELIEF AND SANCTIONS AVAILABLE FOR UNAUTHORIZED DISCLOSURE OR USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION**

The Parties and/or nonparties shall not utilize any Confidential Information or Highly Confidential Information for their own personal and/or business advantage or gain, aside from purposes solely related to the instant litigation. The Parties and nonparties acknowledge and agree that unauthorized use and/or disclosure of Confidential Information or Highly Confidential Information beyond this litigation shall subject the offending Party or nonparty to sanctions contemplated in FRCP 37(b)(2)(A)-(D), up to and including entry of judgment against the offending Party in circumstances involving willful disobedience with this order. Further, the Parties and/or nonparties receiving or being given access to Confidential Information or Highly Confidential Information acknowledge that monetary remedies would be inadequate to protect each Party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief would be necessary and appropriate to protect each Party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information. The availability of injunctive relief to protect against the unauthorized



15

1  disclosure or use of Confidential Information or Highly Confidential Information shall not be

2  exclusive.

3  **XXIII.    OTHER ACTIONS AND PROCEEDINGS**

4       If a Receiving Party (a) is subpoenaed in another action, investigation, or proceeding, (b)

5  is served with a demand in another action, investigation, or proceeding, or (c) is served with any

6  legal process by one not a party to this Protective Order, seeking materials which were produced

7  or designated as Confidential Information or Highly Confidential Information pursuant to this

8  Protective Order, the Receiving Party shall give prompt, actual, written notice by electronic

9  transmission to counsel of record for such Producing Party within five (5) business days of

10  receipt of such subpoena, demand or legal process, or such shorter notice as may be required to

11  provide other parties with the opportunity to object to the immediate production of the requested

12  discovery materials to the extent permitted by law. The burden of opposing enforcement of the

13  subpoena, demand or legal process shall fall upon the Party or nonparty who produced or

14  designated the Discovery Material as Confidential Information or Highly Confidential

15  Information. Unless the Party or nonparty who produced or designated the Confidential

16  Information or Highly Confidential Information obtains an order or files a motion seeking an

17  order directing that the subpoena not be complied with, and serves the order or copy of the filed

18  motion upon the Receiving Party prior to production pursuant to the subpoena, the Receiving

19  Party shall be permitted to produce documents responsive to the subpoena on the subpoena

20  response date. Compliance by the Receiving Party with any order directing production pursuant

21  to a subpoena of any Confidential Information or Highly Confidential Information shall not

22  constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed

23  as authorizing a Party to disobey a lawful subpoena issued in another action.

24  **XXIV. EXECUTION IN COUNTERPARTS**

25       This Protective Order may be signed in counterparts, and a fax or electronic signature

26  shall have the same force and effect as an original ink signature.

27  / / /

28  / / /

**XXV.  ORDER SURVIVES TERMINATION**

This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**XXVI. MODIFICATION OF THIS PROTECTIVE ORDER**

This Protective Order may be modified by the Court at any time for good cause shown, or pursuant to a stipulated Order by the Parties.

The entry of this Protective Order shall be without prejudice to the rights of any Party to apply for modification of this Protective Order or for additional or different protections.

IT IS SO STIPULATED.

HONE LAW                                                    CLARKE LAW, P.C.

 */s/ Leslie A. S. Godfrey*                                   */s/ Jeremy B. Clarke*
Eric D. Hone, NV Bar No. 8499              Jeremy B. Clarke, NV Bar No. 13849
ehone@hone.law                                    JBC@ClarkeLawNV.com
Leslie A. S. Godfrey, NV Bar No. 10229     230 E. Liberty Street
lgodfrey@hone.law                                 Reno, NV 89501
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074                            *Attorneys for Plaintiffs/Counterdefendants*

*Attorneys for Defendants/Counterclaimants*

**ORDER**

Paragraph XXV is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  February 26, 2024

