UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD J. BURKE, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>LEWIS INVESTMENT COMPANY OF NEVADA, LLC, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00184-MMD-CSD<br><br>ORDER |

Plaintiffs Donald J. Burke and Donald W. Burke sued Defendants Lewis Investment Company of Nevada, LLC, Kiley Ranch Six Apartments, LLC, and Luke Dragovich for alleged copyright infringement and unjust enrichment regarding the development of an apartment complex known as Kiley Ranch in Sparks, Nevada that allegedly infringed on copyrighted architectural plans developed by Plaintiffs. (ECF No. 1.) The Court granted Defendants summary judgment (ECF No. 64) and raised some concerns in that order about Plaintiffs' noncompliance with governing law, the protective order entered in this case, and the Court's Local Rules regarding sealed documents— and ordered Plaintiffs to file a motion to seal (*id.* at 3-6, 17). Plaintiffs timely filed that motion to seal (ECF No. 71 ("Motion")), the Court directed a response (ECF No. 73), and Defendants responded to it (ECF No. 82). As further explained below, the Court finds compelling reasons exist to support the documents Plaintiffs filed under seal remaining under seal, so the Court will grant the Motion.

As the Court noted in its summary judgment order, to overcome the strong presumption in favor of public access, Plaintiffs must make particularized showings as to why the exhibits they previously filed under seal should be sealed and provide compelling reasons, supported by specific factual findings, for their request. *See Kamakana v. City*

& *Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In general, compelling reasons for sealing exist when court records might become a vehicle for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

Plaintiffs' Motion satisfies this standard. In it, Plaintiffs address the correct standard and provide specific reasons why they decided to file each sealed document under seal. (ECF No. 71 at 2-5.) Moreover, Defendants generally agree with each of Plaintiffs' sealing decisions, summarize each document Plaintiffs filed under seal and provide reasons for each sealing decision (ECF No. 82 at 4-5), address the correct standard (*id.* at 6) and make specific arguments under that standard as to why these documents should remain under seal (*id.* at 7-8). The Court accordingly concludes these documents were properly filed under seal.

It is therefore ordered that Plaintiffs' motion to seal (ECF No. 71) is granted.

DATED THIS 27th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE